D. Blair Clark
LAW OFFICES OF D. BLAIR CLARK PLLC
1513 Tyrell Lane, Suite 130
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Idaho State Bar No. 1367
Email: dbc@dbclarklaw.com
Attorneys for Debtors

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>VAL COVERSTONE and<br>TERESE COVERSTONE,<br><br>    Debtors. | Case No. 09-02059-TLM<br><br>Chapter 13 |

### DECLARATION OF D. BLAIR CLARK

COMES NOW D. Blair Clark, and declares under penalty of perjury as follows:

1.  I drafted the attached Requests for Discovery on April 26, 2010.

2.  I caused them to be served upon the Trustee via electronic mail on April 26, 2010. A copy of the e-mail transmittal which forwarded these documents to Ms. McCallister and her staff, is attached. I sent a copy in both PDF and MS Word formats, as her office cannot read WordPerfect documents.

3.  I have received no response from the Trustee or any of her staff since that time.

DATED this 1st day of June, 2010.

**DECLARATION OF D. BLAIR CLARK – Page 1**
M:\MB\mbwork\Blair\Coverstone, Val & Terese\SJ 13 dec.wpd

LAW OFFICES OF D. BLAIR CLARK PLLC

by: /s/
D. Blair Clark
Attorneys for Debtors

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2010, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Kathleen McCallister, Trustee, via ECF

U.S. Trustee, via ECF

/s/
D. Blair Clark

D. Blair Clark ISB# 1367
Jeffrey P. Kaufman ISB#8022
LAW OFFICES OF D. BLAIR CLARK PLLC
1513 Tyrell Lane, Suite 130
Boise, Idaho 83706
Telephone:  (208) 475-2050
Facsimile:  (208) 475-2055
dbc@dbclarklaw.com
jeffrey@dbclarklaw.com
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>VAL R. COVERSTONE and<br>TERESE B. COVERSTONE<br><br>Debtors | Case No.  **09-02059-TLM**<br><br>Chapter 13 |

### REQUEST FOR DISCOVERY

COME NOW the Debtors, and hereby submit the following Interrogatories, Requests for Admissions and Requests for Production to Trustee as follows:

INTERROGATORIES:

INTERROGATORY NO. 1:   Please provide the name, address and current phone numbers (home, business and cell) for each and ever person who you believe or claim has knowledge of any of the facts of this case, and, place an asterisk before the first letter of the first name of each such person whom you intend to or may use as a witness at the trial or hearing of this cause, or at any hearing which might be held in this cause.

INTERROGATORY NO. 2:   With respect to each and every person whom you identified in your answer to the previous interrogatory as a witness or potential witness, please indicate whether you have interviewed such person and for every listed person please summarize the testimony that

such person can or may provide at the trial of this cause.  <u>This includes the Trustee if she is to testify as an expert witness or attempt to present evidence concerning debtors' financial affairs.</u>

INTERROGATORY NO. 3:   Please identify the experts, if any. with whom you have consulted in connection with this case.

INTEROGATORY NO. 4:    With respect to the persons identified in your response to Interrogatory No. 3, please indicate which of these persons you expect to call as a witness at trial and with respect to each such person please:

    a.    State the qualifications of the expert, including a full post-secondary educational and employment history or provide a current Curriculum Vitae.

    b.    State whether the expert conducted any test, analysis or examination related to this litigation; if so, describe the test, analysis, or examination in detail, state whether any results or conclusions were reached as a result of the test, analysis, or examination, and if so, describe them.

    c.    State whether the expert has prepared a report describing objective findings. opinions or conclusions; and if so. state the date this report was prepared and submitted, identify each person to whom this report was submitted and each person who has present custody of this report.

    d.    Pursuant to FRE 705, disclose all the facts or data which underlie the expert's opinion or inference.

    e.    State whether the expert is to be compensated for work and efforts in connection with this action; if so, state how much the expert is to be paid, whether the expert is to receive any additional compensation if you are successful in this action, and if so, the terms and conditions of the additional compensation.

    f.    If the Trustee is expected to give testimony at the upcoming hearing, please comply with subparagraphs b-d inclusive with regard to her testimony or opinion.

INTERROGATORY NO. 5: If you deny any of the Requests for Admissions, please state specifically:

      a.      Which fact you deny;

      b.      Why you deny such fact;

      c.      What you contend the true fact is;

      d.      What evidence you have to rebut the truth of such fact or to support your contention regarding the same;

REQUESTS FOR PRODUCTION:

REQUEST NO. 1:    Please produce any and all documents which evidence any term, condition, or representation on which you rely to support your contentions, including loan documents, banking agreements, pension plan documentation, or any other document or instrument.

REQUEST NO. 2:    Please produce any and all documents which you intend to introduce as evidence at the trial of or any hearing held in this cause.

REQUEST NO. 3:    Please produce any and all documents which you have shown or will show to any person whom you intend to use or rely on as an expert witness in the trial of this cause, in order to assist that person in formulating any testimony or opinion that they may be called on to give at such trial.

REQUEST NO. 4:    Please produce any and all the documents and tangible objects described, referred to in your answer to any of the foregoing Interrogatories or which were reviewed or relied upon in the process of preparing your answers to any of the foregoing Interrogatories.

REQUESTS FOR ADMISSION:

REQUEST NO. 1:  Admit that each of the following standards of 11 USC §1325 are met:

    (1) the plan complies with the provisions of Chapter 13 and with the other applicable provisions of Title 11;

    (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

    (3) the plan has been proposed in good faith and not by any means forbidden by law;

    (4) the value, as of the effective date of the plan, of property to be distributed under the

REQUESTS FOR DISCOVERY - 3
M:\MB\mbwork\Blair\Coverstone, Val & Terese\discovery 4-26.wpd

  plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

  (5) with respect to each allowed secured claim provided for by the plan, the Plan provisions are legally and factually correct.

  (6) You have no evidence that the debtors will not be able to make all payments under the plan and to comply with the plan.;

  (7) the action of the debtor in filing the petition was in good faith.

REQUEST NO. 2: Since you as Trustee have objected to confirmation of the Plan, admit that the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured claims.

REQUEST NO. 3:  Admit that the tithing to the Church of Jesus Christ of Latter Day Saints as proposed in the Debtors' budget is less than 15% of their gross income.

REQUEST NO. 4:  Admit that the Coverstones' son is legally and factually disabled.

REQUEST NO. 5: Admit that the Coverstones' daughter, Brittany, moved in with them with her three small children.

REQUEST NO. 6:  Admit that at the time that Brittany moved in with the Debtors, she had no job and no support payments from her estranged husband.

REQUEST NO. 7:  Admit that at the present, Brittany's income and support from her husband are insufficient for her and her children to be totally self-sustaining.

REQUEST NO. 8:  Admit that the pension plan distributions to Mr. Coverstone are not considered within the Form 22C as they are within the standards set forth by In re Cram, 08-20022-TLM.

REQUEST NO. 9:  Admit that the Plan as currently proposed is confirmable.

REQUEST NO. 10: Admit that you have no legal justification for objecting to confirmation of this Plan.

REQUESTS FOR DISCOVERY - 4
M:\MB\mbwork\Blair\Coverstone, Val & Terese\discovery 4-26.wpd

REQUEST NO. 11: Admit that you have no factual justification for objecting to confirmation of this Plan.

REQUEST NO. 12: Admit that your objections to confirmation on 'good faith' grounds are based upon your own personal views and opinions of policy and lifestyle, and not on the legal standards of the Code.

Dated this 26th day of April, 2010.

LAW OFFICES OF D. BLAIR CLARK PLLC


By__/s/_____
D. Blair Clark

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the 26th day of April, 2010, on Kathleen McCallister, Trustee, and Charles Murphy, her attorney, by electronic mail.


__/s/_____
D. Blair Clark

## D. Blair Clark

| | |
|---|---|
| **From:** | D. Blair Clark [dbc@dbclarklaw.com] |
| **Sent:** | Monday, April 26, 2010 10:50 AM |
| **To:** | Chuck Murphy; 'Julie Anderson'; 'Kathleen McCallister'; 'Kathy Nelson (Knelson13 @qwestoffice.net)'; 'Lois Murphy' |
| **Cc:** | Val & Terese Coverstone |
| **Subject:** | Emailing: discovery 4-26.pdf, discovery 4-26.doc |
| **Attachments:** | discovery 4-26.pdf; discovery 4-26.doc |



discovery
-26.pdf (57 KB



discovery
-26.doc (46 KB

```
This is discovery requested in the Coverstone case.  I enclose a form in MS Word
for your assistance in answering them.

D. Blair Clark
LAW OFFICES OF D. BLAIR CLARK PLLC
1513 Tyrell Lane, Suite 130
Boise, ID 83706
Telephone:  (208) 475-2050
Fax:  (208) 475-2055
```

1