D. Blair Clark ISB# 1367
Jeffrey P. Kaufman ISB#8022
LAW OFFICES OF D. BLAIR CLARK PLLC
1513 Tyrell Lane, Suite 130
Boise, Idaho 83706
Telephone:  (208) 475-2050
Facsimile:  (208) 475-2055
dbc@dbclarklaw.com
jeffrey@dbclarklaw.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>VAL R. COVERSTONE and<br>TERESE B. COVERSTONE<br><br>Debtors | Case No.  **09-02059-TLM**<br><br>Chapter 13 |

### OBJECTION TO MOTION TO AMEND OR WITHDRAW RESPONSES
### TO FIRST SET OF REQUESTS FOR ADMISSIONS

COME  NOW the Debtors, and hereby object to docket 101, the Trustee's Motion to Amend or Withdraw the Responses to Debtors' First Set of Requests for Admissions, as follows:

A.    LEGAL STANDARD FOR MOTION UNDER 36(b):

<u>Hadley v. United States</u>, 45 F.3d 1345 (9th Cir. Cal. 1995) describes the standards for this Court to use in evaluating a motion for leave to amend or withdraw admissions.

> Under Rule 36(a) of the Federal Rules of Civil Procedure, if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Rule 36(b) provides, in pertinent part:
>
> . . . The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

  Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.

Hadley v. United States, supra.

B. HAVE THE PARTIES SHOWN THAT THE RULE 36(b) STANDARDS ARE MET?

  The Court should first examine if the merits of the action may still be presented.  Since this Court has stated that it believes it has an obligation under the Espinoza decision to evaluate the evidence on the confirmation standards, the merits of the action are not precluded.  The Trustee's position on this point must, therefore fail.

  The second point is whether or not there is prejudice by allowing the withdrawal.  Hadley states that the standard is one of discretion of the trial court to evaluate whether there is sufficient prejudice.  It is not simply that the party who obtained the admission will now have to convince the factfinder of its truth, but one of unavailability of witnesses or other factors showing prejudice.  The Court is also to consider the possibility of lesser sanctions.

  However, as counsel's Declaration and the entire history of this case show, the actions of the Trustee herself and her ongoing refusal to consider any of the Debtors' documents as proving anything justify this action.  In all candor, the Trustee's comments in the discussions of this Court's powers and duties under Rule 37 show a disdain for the possibility that she may be obligated for any sanctions whatever.  Thus, the possibility of lesser sanctions, in her mind, does not exist.  In other words, in the mind of the Trustee, she is "bullet proof."

  Moreover, she also refuses to recognize the evidence presented to her.  She has stated that the Social Security examiner's written determination does not prove that Josh, Debtor's son, is disabled and cannot work.[1]   This is simply one example.

  The Trustee's conduct in this case since its inception has cost the Debtors well over $8,000

---

[1] See docket 82, pp. 11-12

OBJECTION TO MOTION TO AMEND OR WITHDRAW RESPONSES TO REQUESTS FOR ADMISSIONS - 2
M:\MB\mbwork\Blair\Coverstone, Val & Terese\Discovery\objection motion to amend rfa.wpd

in legal fees with no end in sight.  This Court has observed this case since its inception, and can recognize that this is not a normal way for a chapter 13 case, which is supposed to be fairly expedient and inexpensive, to proceed.  The Court should consider that from the overall viewpoint of this case, her actions and her "my way or the highway" approach have caused untold stress to the Debtors, continuing hearings and cost of time to all parties concerned, and <u>no</u> consequences to her.  There is no appropriate "lesser" sanction that would cause her to consider that her approach to this litigation may be the wrong one.   This is one factor which shows "prejudice" to the Debtors should the Trustee be allowed to withdraw her responses.

Another factor is that the Trustee does not tell the Court or counsel <u>which</u> requests she seeks to amend.  The only "guess" that can be made is to assume it's "all of them."

Attached to this Objection are copies of the Requests for Admissions themselves.  Debtors submit that allowing her to withdraw and amend any or all of them as she chooses will require Debtors to submit evidence on matters that should in good faith have been admitted, with no possibility (if her "that won't happen" comment is accurate) of any recompense to them for having to do so.  It is the Debtors <u>and the creditors</u> who suffer from this.  The extra legal fees necessary, the time and delays involved in getting payments out to creditors, and the extra time on the Court should militate against allowing her to amend.

Consider the requests for admissions themselves, most of which Debtors' counsel believes in all candor should be admitted.  Which ones does the Trustee desire to modify, and why?  These two questions are unanswered.   The Court cannot appropriately determine prejudice.  However, please consider that Debtors have themselves complied with discovery, and that the Trustee, almost five months later, has yet submitted nothing whatever.

REQUEST NO. 1:   Admit that each of the following standards of 11 USC §1325 are met:
    (1) the plan complies with the provisions of Chapter 13 and with the other applicable provisions of Title 11;
    (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be

  paid before confirmation, has been paid;

*Does the Trustee contest either of these requests? If not, which ones and why not?*

  (3) the plan has been proposed in good faith and not by any means forbidden by law;

*Debtors assume from her comments that she will seek to withdraw this one. But on what basis?*

  (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

*Is <u>this</u> an issue?*

  (5) with respect to each allowed secured claim provided for by the plan, the Plan provisions are legally and factually correct.

*Again, does she dispute these and why?*

  (6) You have no evidence that the debtors will not be able to make all payments under the plan and to comply with the plan.;

*She has Debtors' paystubs, pay history, tax returns, pension plan documents and payslips. Yet she seeks to require the Debtors to attempt to prove a negative? From her pleadings, she has never made an evaluation of this point.*

  (7) the action of the debtor in filing the petition was in good faith.

*This is not the 'good faith' of confirmation. This is good faith in filing. What does she contend could be an issue in this?*

REQUEST NO. 2: Since you as Trustee have objected to confirmation of the Plan, admit that the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured claims.

*This is self-evident to Debtors' opinion. The language of the Plan so states.*

REQUEST NO. 3: Admit that the tithing to the Church of Jesus Christ of Latter Day Saints as proposed in the Debtors' budget is less than 15% of their gross income.

*This is a purely mathematical calculation.*

REQUEST NO. 4: Admit that the Coverstones' son is legally and factually disabled.

*She refuses to recognize or admit to this fact, even though the Social Security hearing officer so found in a written decision. To show that, are the Coverstones required to bring Josh out from North Dakota? Why is this not extremely prejudicial?*

REQUEST NO. 5: Admit that the Coverstones' daughter, Brittany, moved in with them with her three small children.

*This has been submitted to her repeatedly, as has Request No. 6 and Request No. 7. If she simply denies this, then all of these factors have to be proven. She should be required to identify with specificity, not just with this Request but with all, which ones she seeks to modify, and submit a sample of the proposed amendment. She has failed to do so. Nobody can evaluate this Motion on this record.*

REQUEST NO. 6: Admit that at the time that Brittany moved in with the Debtors, she had no job and no support payments from her estranged husband.

*This is the same issue as No. 5, as is No. 7.*

REQUEST NO. 7: Admit that at the present, Brittany's income and support from her husband are insufficient for her and her children to be totally self-sustaining.

*The Trustee has received this information.*

REQUEST NO. 8: Admit that the pension plan distributions to Mr. Coverstone are not considered within the Form 22C as they are within the standards set forth by In re Cram, 08-20022-TLM.

*This is a matter of law as much as fact. If she disagrees that the facts of this Plan distinguish it*

*from Cram then she can advise everybody in what manner and the reasoning.  She has not.*
REQUEST NO. 9:   Admit that the Plan as currently proposed is confirmable.
*This Request attempts to narrow down her "shotgun" to a tighter pattern.  If the Court is inclined to let her modify this request, she should be required to state specifically and precisely what her issues are, not "throw it all out there."*
REQUEST NO. 10: Admit that you have no legal justification for objecting to confirmation of this Plan.
*Again, this is different from No. 11.  11 pertains to matters of fact, and 10 is for matters of law.  Again, if the court is inclined to let her amend these two requests, a condition should be "which ones, and why, and be specific."  As the Declaration shows, counsel and the Trustee narrowed down the main issues for submission, but then the Trustee put everything back on the table.  It is submitted that should she withdraw and deny all of the requests, then there is extreme prejudice to the Debtors and all other parties in interest.*
REQUEST NO. 11: Admit that you have no factual justification for objecting to confirmation of this Plan.
REQUEST NO. 12: Admit that your objections to confirmation on 'good faith' grounds are based upon your own personal views and opinions of policy and lifestyle, and not on the legal standards of the Code.
*This Request is made because of Trustee's insistence that since the Debtors' house payment on their first mortgage is higher than the rent standard in Form 22C, they should give up their house.  It is the Trustee's opinion that Debtors should give up their house, their vehicles, let their dependent (albeit adult) children fend for themselves, or pay all of their debts in full.  Her refusal to recognize the facts of the Debtors' situation, even though repeatedly submitted to her, lead to this Request.*

Debtors and their counsel believe that the Trustee's conduct and positions in this case require them to proceed in this matter "by the book" as far as discovery is concerned.  The Court well knows that this sort of litigation is extremely unusual in chapter 13 cases.  The necessity of having to do it is unfortunate but essential.

In examining the Trustee's Motion, please consider that the Trustee has *also* never furnished any answers to interrogatories or documents pursuant to the request for production.  Her formal position, legally and factually, is still undefined.

Dated this 11th day of September, 2010.

LAW OFFICES OF D. BLAIR CLARK PLLC

By__/s/_____
D. Blair Clark

OBJECTION TO MOTION TO AMEND OR WITHDRAW RESPONSES TO REQUESTS FOR ADMISSIONS - 5
M:\MB\mbwork\Blair\Coverstone, Val & Terese\Discovery\objection motion to amend rfa.wpd

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the 11th day of September, 2010, on Kathleen McCallister, Trustee, and Charles Murphy, her attorney, by ECF.


__/s/_____
D. Blair Clark

```
                                                                         13592T
**Time of Request:** Saturday, September 11, 2010   14:04:31 EST
**Client ID/Project Name:** coverstone
**Number of Lines:** 140
**Job Number:**      1823:241161826

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 2006 U.S. Dist. LEXIS 45927
```

**Send to:**   CLARK, D. BLAIR
               D. BLAIR CLARK - LAW OFFICES
               1513 TYRELL LN STE 130
               BOISE, ID 83706-4255



LEXSEE 2006 U.S. DIST. LEXIS 45927

**DUSTIN SHANE MARTIN, Plaintiff, v. INCLUSION, INC., Defendant.**

CASE NO. CIV 05-156-S-BLW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

*2006 U.S. Dist. LEXIS 45927*

**June 23, 2006, Decided**

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part, Sanctions allowed by, in part *Martin v. Inclusion, Inc., 2007 U.S. Dist. LEXIS 18110 (D. Idaho, Mar. 13, 2007)*

**COUNSEL:** [*1] For Dustin Shane Martin, Plaintiff: Dean A Martin, LAW OFFICE OF DEAN A MARTIN, Boise, ID.

For Inclusion, Inc., Defendant: Dennis M Charney, Eagle, ID.

**JUDGES:** B. LYNN WINMILL, Chief Judge.

**OPINION BY:** B. LYNN WINMILL

**OPINION**

MEMORANDUM DECISION AND ORDER

**INTRODUCTION**

The Court has before it defendant Inclusion's motion for summary judgment, and plaintiff Martin's oral motion to amend or withdraw responses to Requests for Admission. The Court held oral argument on the motions on June 16, 2006, and took them under advisement. For the reasons expressed below, the Court will conditionally grant the motion to withdraw, withhold ruling on the motion for summary judgment, and award fees and costs to Inclusion.

**BACKGROUND**

In April, 2005, Martin sued Inclusion, claiming that he was fired from his job there as an in-home caretaker because he is African-American. On November 17, 2005, Inclusion sent Martin a Request for Production of Documents and Requests for Admission as allowed under *Rule 36*. Under *Rule 36(a)*, unless Martin responded to the Requests for Admission on or before December 19, 2005, the Requests would be deemed admitted.

It is undisputed that Martin failed to comply with [*2] that deadline. At best, the record contains some indication that he mailed responses (to the wrong address) on February 15, 2006. At any rate, Martin's response was late under *Rule 36(a)*, and the Requests were therefore deemed admitted.

Inclusion responded by filing a motion for summary judgment, arguing that the deemed admissions negate each of Martin's five causes of action. Only on June 16, 2006, during oral argument on Inclusion's summary judgment motion, did counsel for Martin finally move to withdraw the deemed admissions under *Rule 36(b)* and provide the Court and counsel for Inclusion with answers to the requests.

**ANALYSIS**

*Rule 36(a)* requires an answer (or objection) to requests for admission within 30 days, unless the time is shortened or lengthened by the court, or by agreement of

the parties. *Rule 36* is self-executing, meaning that failure of a party to respond to the request in a timely manner constitutes an automatic and "conclusive" admission of those matters set forth in the request or requests. *Fed. R. Civ. P. 36(b)*; *see also, Asea, Inc., v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981)* [*3] (holding that "[i]t is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states."). Thus, Inclusion was not required to make any motion before the Court in order for the requests to be deemed admitted by Martin.

At this point, when requests for admission are deemed admitted, "the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to *Rule 36* requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in *Rule 36(b)*." *Carney v. I.R.S., 258 F.3d 415, 420 (5th Cir. 2001)*. Under *Rule 36(b)*, a district court has discretion to permit withdrawal or amendment of the admissions through a two-part test that asks (1) whether the presentation of the merits of the action will be subserved if withdrawal or amendment is allowed, and (2) whether the party who obtained the admission will be prejudiced by withdrawal or amendment of the admission. The test is an equitable one, balancing the right to a full trial on the merits with the parties' justified reliance on pre-trial procedures and the finality [*4] of issues deemed no longer in dispute. *See Crafton v. Blaine Larsen Farms, Inc., 2005 U.S. Dist. LEXIS 43062, 2005 WL 3244451*1 (D. Idaho)*.

Once a motion to amend or withdraw is made, the burden shifts to the non-moving party to show how the two prongs of *Rule 36(b)* are satisfied. A detailed analysis of both prongs is not necessary in this case because Inclusion conceded during oral argument that it could not meet the burden of proof for either prong. Rather, Inclusion argued that given the permissive language of *Rule 36(b)*, and the underlying circumstances of Martin's failure to comply with *Rule 36*, that the Court should use its discretion to deny Martin's motion.

However, given the Ninth Circuit's preference for deciding cases on the merits, and the absence of any prejudice to Inclusion, the Court will grant Martin's oral motion to withdraw or amend the deemed admissions, but will condition the granting of that oral motion upon Martin's prompt payment of the costs and fees incurred by Martin, as discussed below. If the deemed admissions are withdrawn, the Court will be compelled to deny Inclusion's motion for summary judgment that was based entirely on those admissions. If the deemed admissions [*5] are not withdrawn, it is equally clear that Inclusion is entitled to summary judgment.

The Court finds it appropriate to award costs and fees to Inclusion for the time its attorneys spent in pursuing its Motion for Summary Judgment. Martin's counsel has conducted himself in an unprofessional manner, forcing defense counsel to incur unnecessary fees and costs, and wasting the time of this Court. The Court reaches this conclusion on the basis of the following conduct by Martin's counsel.

At oral argument, counsel for Martin argued that the Court's delay in ruling on Martin's motion to amend his complaint created confusion that excused his failure to meet the response deadline for the requests for admission. The argument borders on perfidy by an officer of the Court for three reasons.

First, it simply makes no sense. The Requests for Admission went to the heart of Martin's case and were not tied to specific paragraphs or pages of any complaint in a way that might cause confusion -- it was plainly obvious that the Requests must be answered whether the operative complaint was the original or the amended version.

Second, it is also plainly obvious that by December of 2005, all counsel [*6] were treating the amended complaint as the operative document without any confusion on that point. While Inclusion had earlier filed a motion to dismiss based on jurisdictional flaws in the original complaint, Inclusion withdrew that motion (and agreed that the amended complaint could be filed) in September of 2005, after Martin corrected the flaws in the amended complaint. On September 19, 2005, Inclusion filed an answer to the amended complaint.

Martin certainly displayed no confusion when he finally did get around to filing his responses to the Requests in February of 2006. Martin points to absolutely nothing that happened between December of 2005 (when his responses were due) and February of 2006 (when he filed them) that would have clarified his "confusion" and prompted him to respond to the Requests. [1]

---

[1] The Court granted the motion to amend on March 19, 2006.

Third, Martin waited until oral argument on June 16, 2006, to finally make a motion to withdraw the deemed admissions that resulted from his late [*7] response, and to provide defense counsel with a copy of the responses. His "Notice" filed February 15, 2006, shows that he mailed his responses to the wrong address, and it is undated. Moreover, it only states that he sent responses to Requests for Production, and says nothing about sending responses to the Requests for Admission. Martin never established that he had actually responded to the Requests for Admission until he filed an affidavit of his paralegal after Inclusion was forced to file its motion for summary judgment. Even then, after Inclusion had notified Martin that it had never received the responses, Martin waited to provide them with a copy until the oral argument on the summary judgment motion was well underway.

The bewildering lack of professionalism displayed by Martin's counsel forced defense counsel to waste time and effort to file a motion for summary judgment, and further wasted the time of this Court. Accordingly, the Court will award fees and costs to Inclusion and condition the granting of Martin's oral motion to withdraw the deemed admissions upon the timely payment of those fees and costs. Counsel for Inclusion shall submit a petition for attorney fees and [*8] costs within ten days from the date of this Order. Martin's counsel shall then have five days to object to the reasonableness of the fees and costs requested, and defense counsel five days thereafter to reply to any objections. The Court will then resolve any objections without further argument. Martin's attorney shall submit payment of those costs and fees to defense counsel within ten days of the Court's order, and simultaneously submit to the Court a separate proposed order granting Martin's oral motion to withdraw the deemed admissions and denying Inclusion's motion for summary judgment. Conversely, if the costs and fees are not paid within ten days, Inclusions' attorneys shall submit to the Court a proposed order denying Martin's oral motion to withdraw the deemed admissions and granting Inclusion's motion for summary judgment.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that consistent with the foregoing, the Court RESERVES RULING on Inclusion's motion for summary judgment (docket no. 25).

IT IS FURTHER ORDERED that Martin's motion to amend or withdraw admissions (docket no. 38) is CONDITIONALLY GRANTED.

IT IS [*9] FURTHER ORDERED, that Martin's counsel shall pay the attorney fees and costs incurred by Inclusion's counsel in preparing and arguing the motion for summary judgment and motion to withdraw admissions. Defense counsel shall submit a petition for fees and costs within ten (10) days from the date of this decision. Plaintiff's counsel shall have five (5) days thereafter to file any objections to the reasonableness of the costs and fees sought, and defense counsel shall have five (5) additional days to file a reply to any such objections. The Court will then issue an order setting the amount of fees and costs awarded.

IT IS FURTHER ORDERED, that Martin's counsel shall have ten (10) days from the date of the Court's order to pay to Inclusion the costs and fees ordered by the Court. Upon receiving verification that the costs and fees have been paid, the Court will enter an order, to be prepared by Martin's counsel, which grants the oral motion to withdraw the deemed admissions and denies Inclusion's motion for summary judgment. If the costs and fees are not paid within ten (10) days, the Court will enter an order, prepared by Inclusion's counsel, which denies the oral motion to withdraw [*10] the deemed admissions and grants Inclusion's motion for summary judgment.

DATED: **June 23, 2006**

B. LYNN WINMILL

Chief Judge

United States District Court

13592T

********** Print Completed **********

Time of Request: Saturday, September 11, 2010   14:04:31 EST

Print Number:    1823:241161826
Number of Lines: 140
Number of Pages: 3

Send To:  CLARK, D. BLAIR
          D. BLAIR CLARK - LAW OFFICES
          1513 TYRELL LN STE 130
          BOISE, ID 83706-4255

```
                                                                        13592T
```

**Time of Request:** Saturday, September 11, 2010   14:05:23 EST
**Client ID/Project Name:** coverstone
**Number of Lines:** 176
**Job Number:**      2822:241161906

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 2007 U.S. Dist. LEXIS 18110

**Send to:**   CLARK, D. BLAIR
               D. BLAIR CLARK - LAW OFFICES
               1513 TYRELL LN STE 130
               BOISE, ID 83706-4255



LEXSEE 2007 U.S. DIST. LEXIS 18110

**DUSTIN SHANE MARTIN, Plaintiff, v. INCLUSION, INC., Defendant.**

**Case No. CV-05-156-S-BLW**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

*2007 U.S. Dist. LEXIS 18110*

**March 13, 2007, Decided
March 13, 2007, Filed**

**PRIOR HISTORY:** *Martin v. Inclusion, Inc., 2006 U.S. Dist. LEXIS 45927 (D. Idaho, June 23, 2006)*

**COUNSEL:** [*1] For Dustin Shane Martin, Plaintiff: Dean A Martin, LEAD ATTORNEY, LAW OFFICE OF DEAN A MARTIN, Boise, ID.

For Inclusion, Inc., Defendant: Dennis M Charney, Eagle, ID.

**JUDGES:** Honorable B. Lynn Winmill, Chief U. S. District Judge.

**OPINION BY:** Honorable B. Lynn Winmill

**OPINION**

**MEMORANDUM DECISION**

**INTRODUCTION**

The Court has before it Inclusion's motion to exclude and motion to compel and for sanctions. The Court heard oral argument on March 8, 2007, and the motions are at issue. For the reasons expressed below, the Court will grant the motions in part, and will exclude all evidence of actual damages, limit plaintiff to just two witnesses, and award certain fees and costs to Inclusion. However, because the plaintiff may still seek nominal damages, the case cannot be dismissed. The Court will move the trial from March 19, 2007, to April 2, 2007.

**LITIGATION BACKGROUND**

On November 17, 2005, Inclusion served Martin with its first set of discovery requests, including requests for admission, requests for production of documents, and interrogatories. Specifically, one of the interrogatories asked for Martin to "provide a statement itemizing in full and complete detail the amount of [*2] damages claimed by the plaintiff. . . ."

Martin's counsel responded that he "will submit upon availability." However, he failed to provide this response, or any other, to Inclusion by the deadline for a response, which was December 17, 2005. *See Rule 33(b)(3)*. On February 15, 2006, Martin's counsel filed a Notice of Service of Discovery Documents stating that he had served "Responses to Requests for Production" on Inclusion's counsel "on the      day of February, 2006." The blank was not filled in. This Notice fails to state that Martin's counsel served Inclusion with any response to either (1) the requests for admission or (2) the interrogatories.

About a month later, on March 23, 2006, Inclusion filed a motion for summary judgment on the ground that Martin's failure to answer the requests for admission results in them being deemed admitted, effectively gutting his case. In response, Martin's counsel filed the affidavit of his secretary, Johanna Simon, who stated that

she had mailed responses on February 18, 2006, *to all three of the discovery requests,* not just the Requests for Production. *See Affidavit of Simon* (Docket No. 32).

According to Simon's affidavit, [*3] she sent the documents to the wrong zip code. *See Affidavit of Charney* (Docket No. 34). Inclusion's counsel said he never received them. *Id.* Even if he had, those responses contained no information on damages. *See Exhibit A(1) to Motion to Compel* (Docket No. 54).

At the hearing on June 16, 2006, Martin's counsel hand-delivered answers to the requests for admission to Inclusion's counsel, but failed to provide any answer to the damage interrogatory. At the hearing, the Court admonished Martin's counsel for failing to answer the discovery requests in a timely fashion. The Court urged Martin's counsel to provide full responses.

The Court followed this up with a written decision, filed on June 23, 2006, reserving ruling on Inclusion's motion for summary judgment. The Court held that the requests for admission would not be deemed admitted if Martin's counsel paid the fees and costs incurred by Inclusion on this issue. However, if Martin did not make that payment, the Court would deem admitted those requests and grant summary judgment for Inclusion. The Court directed Inclusion to file a petition on its fees and costs.

Inclusion filed that petition, and on September 6, 2006, the [*4] Court awarded $ 2,960 in fees and costs to Inclusion. Martin paid those fees on September 13, 2006.

On October 16, 2006, in an effort to get some discovery about Martin's case, Inclusion's counsel prepared a Notice of Deposition, setting Martin's deposition for November 10, 2006. Martin's counsel informed Inclusion's counsel that Martin would not attend the deposition because it was set outside the discovery deadline that had expired on July 20, 2006. Martin failed to file any motion for protective order and also failed to attend the deposition.

On October 30, 2006, Inclusion's counsel reminded Martin's counsel by letter that no responses to the interrogatories had ever been received. On November 3, 2006, Martin's secretary, Johanna Simon, states (1) that she hand-delivered responses, including 170 pages of exhibits, to someone named "Jake" at the office of Inclusion's counsel, (2) that she watched this person sign for the responses, but (3) that she could not locate that signed receipt. *See Simon Affidavit* (docket no. 58).

Inclusion's counsel states that he never received those responses. The "Jake" mentioned in Simon's affidavit was Jacob Deaton, and he filed his affidavit [*5] stating that he was in Canada from November 1, 2006, to November 6, 2006. *See Deaton Affidavit.* Regardless, the responses prepared by Martin contain no information on damages. *See Exhibit A(1) to Motion to Compel* (Docket No. 54).

On December 7, 2006, Inclusion's counsel called Martin's counsel to ask about the responses. The next day, Martin's counsel faxed the responses to Charney. Again, those responses contain no information on damages. *Id.*

The faxed responses refer to "exhibits" but failed to contain the exhibits. Regardless, it is undisputed that the 170 pages of exhibits referred to in Martin's fax contain no information whatsoever on damages.

Finally, on January 29, 2007, Martin provided some minimal information on damages. He stated that he was seeking "lost wages and benefits in the amount of $ 30,000." He also claimed (1) "job-search expenses" of $ 600; (2) "Moving to take new job" expenses of $ 4,000; (3) "Other damages" of $ 12,000 that included the loss of a home, the repossession of a vehicle, "no health insurance to take care of medical needs," and "other." Finally he claimed $ 50,000 in punitive damages.

That was the sum total of Martin's response. It [*6] gave Inclusion no hint as to how Martin arrived at these sums. No receipts or other documents are provided.

This response was made just 49 day prior to the trial date, set on March 19, 2007. That trial date had been set by the Court back on October 24, 2006. *See Order* (Docket No. 50).

This record shows, without dispute, that (1) Inclusion requested detailed information on damages on November 17, 2005; (2) Martin provided no information on damages whatsoever for 14 months; and (3) just 49 days prior to trial, and 6 months after the close of discovery, Martin finally provided some minimal information on damages that still did not answer the original interrogatory that had requested "a statement itemizing *in full and complete detail* the amount of damages claimed by the plaintiff. . .

." (emphasis added).

Inclusion has filed a motion to compel and for sanctions, and a motion to exclude evidence. This latter motion seeks to exclude, among other things, all evidence of damages on the ground that Martin failed to provide an answer to Inclusion's interrogatory asking for damage information.

**ANALYSIS**

Despite being asked in an interrogatory to provide detailed information [*7] on damages, Martin failed to provide any information on damages until January 29, 2007. Even then, his response at that late date was so minimal that it cannot be credited as a response at all.

Sanctions for such a failure are set forth in *Rule 37(d)*, and they include the sanctions listed in *Rule 37(b)(2)(B)*, one of which involves "prohibiting that party from introducing designated matters in evidence." Thus, one option is to exclude all evidence of damages. Another option under the Rule is to issue an "order . . . staying further proceedings," *i.e.* continuing the trial, until further discovery on damages could be completed.

Certainly, this latter option, if selected, must be accompanied by a substantial award of fees and costs to Inclusion. The award of monetary (instead of exclusionary) sanctions certainly has the beneficial effect of allowing the full merits of a case to proceed to trial, an important factor in this Circuit. *See Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.1997)*. Yet if applied often, it creates a perverse incentive. The expense of violating court orders becomes nothing more than another cost of doing business. *See, Electronic Discovery* [*8] *Misconduct, 61 Miami L. Rev. 289, 326 (2007)*("discovery is such a high stakes game . . . that monetary sanctions . . . are too often seen as simply the cost of doing business").

For this very reason, the Court must guard against the mechanical application of simple monetary sanctions for repeated violations. While the exclusionary remedy may be far down the list of options for a first offense, it rises to the very top for a repeat offender.

That is the case here -- Martin has already been spared an exclusionary sanction once. Now it rises to the top of the list for this offense, especially given the Court's prior admonishment to counsel to provide timely discovery responses.

The Court therefore finds that Martin's evidence of actual damages will be excluded from trial as a sanction under *Rule 37(d)*(and *(b)(2)(B)*) for the failure of Martin's counsel to provide a proper answer to Inclusion's discovery requests on damages. The Court would also have limited Martin's witnesses on the same ground, except that Martin's counsel conceded at the hearing that he only intended to call Martin and Brandon Smalley, who had been listed as a witness by the defense. The Court will [*9] therefore limit Martin to these two witnesses at trial.

The lack of damage evidence is not necessarily fatal to Martin's Title VII discrimination claim. Damages are not an element of a claim under Title VII. *See Hashimoto v. Dalton, 118 F.3d 671, 676 (9th Cir.1997)* (noting that this Circuit has recognized "the distinction between a violation [of Title VII] and the availability of remedies"). Although no longer entitled to any actual damages, Martin may be entitled to nominal damages, which in turn could lead to an award of fees and costs. *See Farrar v. Hobby, 506 U.S. 103, 112-14, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)*.

Thus, Martin's Title VII case is still alive even though damages have been excluded. Inclusion's counsel argued that with just two witnesses, Martin will not be able to provide admissible testimony about the hearsay statements that gave rise to his Title VII claim of discrimination. [1] Even so, Inclusion's retaliation claim would remain because it turns not on hearsay but on whether Inclusion retaliated against Martin for his complaint of discrimination.

> 1   The Court expresses no opinion on this argument that will have to be addressed at trial.

[*10] The Court was not aware of these issues when it told counsel that trial would not be proceeding on March 19th. No party had alerted the Court that a claim for nominal damages would remain even without evidence of actual damages. Now that the Court's own research has uncovered this line of cases, it becomes apparent for the first time that a trial is still necessary even without evidence of actual damages. Because it would be unfair to require counsel to proceed to trial on March 19th, the Court will reset trial for April 2, 2007.

If Inclusion desires a continuance of trial, the Court

may have to reconsider allowing damages back into the case because a continuance would remove the underpinnings for the court's conclusion that "staying further proceedings" is not an appropriate sanction. However, if Inclusion desires a continuance, the Court may also award further fees and costs against Martin as a condition to allowing damages back into the case.

The malfeasance of Martin's counsel does not end here. He also refused to provide his client for a noticed deposition without filing a motion for protective order. *Rule 37(d)* states that a failure to attend cannot be excused on the ground [*11] that the deposition was objectionable "unless the party failing to act has a pending motion for protective order. . . ." Thus, the fact that the deposition was set after the discovery deadline cannot excuse Martin's non-appearance because Martin never filed a motion for a protective order. In addition, Inclusion was forced to notice up the deposition at that late date only because (1) Martin had completely failed to provide discovery responses, and (2) Inclusion had to wait for the Court to rule on Martin's deemed admissions (discussed above) to determine whether the case would even survive. Thus, Martin employs as an excuse a problem that he caused.

Moreover, the Court finds that the conduct of Martin's counsel required Inclusion to file the motion to compel and the motion to exclude. These motions would not have been filed if Martin' counsel followed the rules and deadlines in this case. For that reason, the Court will award Inclusion the fees and costs it incurred in filing these two motions.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for sanctions (Docket No. 54) and the motion to [*12] exclude (Docket No. 63) are GRANTED IN PART AND DENIED IN PART. The motions are granted to the extent that they seek to exclude Martin's evidence of actual damages and to exclude any witnesses for Martin other than himself and Brandon Smalley. The motions are denied in all other respects.

IT IS FURTHER ORDERED, that the present trial date of March 19, 2007, is VACATED and that a new trial date is set for April 2, 2007, at 1:30 p.m. in the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED, that plaintiffs' counsel shall pay to Inclusion the fees and costs incurred by Inclusion in preparing and arguing the motions to compel and to exclude. Inclusion's counsel shall file a petition for those fees and costs within ten (10) days from the date of this Order.

DATED: **March 13, 2007**

Honorable B. Lynn Winmill

Chief U. S. District Judge

```
                                                                        13592T
********** Print Completed **********

Time of Request: Saturday, September 11, 2010   14:05:23 EST

Print Number:    2822:241161906
Number of Lines: 176
Number of Pages: 4




Send To:  CLARK, D. BLAIR
          D. BLAIR CLARK - LAW OFFICES
          1513 TYRELL LN STE 130
          BOISE, ID 83706-4255
```